SKINNER et al. v. PROSPECT PARK & C. I. R. Co., (two cases.)

(Supreme Court, General Term, Second Department. February 13, 1893.)

ACCIDENT AT RAILROAD CROSSING—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action against a railroad company to recover for the alleged negligent killing of plaintiff's intestate, it appeared that deceased, while driving over defendant's track at a highway crossing, was struck by an engine which was running at the rate of 45 miles per hour. No signal was given of its approach, and the view of the track was so obstructed by trees that deceased could not see it until his horse was almost on it. He then tried to hold in the horse, but was unable to do so. Persons who were near at the time of the accident testified that they did not hear the engine until it was very near the crossing. *Held*, that such facts were sufficient to support a finding that deceased was free from contributory negligence.

Appeal from circuit court, Kings county.

Two actions—one by Henry H. Skinner and Sarah H. Skinner, administrators of Herbert W. Skinner, deceased, and the other by the same plaintiffs, as administrators of Charles B. Skinner, deceased—against the Prospect Park & Coney Island Railroad Company, to recover for the alleged negligent killing of plaintiffs' decedents by defendant. From a judgment in favor of plaintiffs, and from an order denying a new trial in each case, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Morris & Whitehouse, for appellant.

Fullerton & Rushmore, (Charles J. Patterson, of counsel,) for respondent.

PRATT, J.   The testimony authorized the jury to believe that a casual or wild-cat train of defendant was driven through a frequented street, and over a crossing, at a rate of 45 or 50 miles an hour, without ringing a bell or blowing a whistle.   The verdict having been in favor of plaintiffs, we must treat those facts as established, and they justified a finding that defendants were negligent.   The important question is whether the two juries were justified in finding that the deceased were free from contributory negligence.   Ordinarily, where a person is, in broad daylight, killed upon a railroad crossing, it is in consequence of negligence upon the part of himself, or some one who controls his course.   In the present case that inference is sought to be overthrown by showing a state of circumstances that otherwise explain the accident.   Several witnesses agree that the customary signals—whistle and bell—were not given.   Their absence does something to explain the accident without negligence on the part of the deceased.   Hearing a moving train depends so much upon the condition of the atmosphere, the direction of the wind, the state of the roadbed, and the construction of the engine and cars, and perhaps other conditions, that it may well be that in many cases one may listen attentively, and yet not be adequately warned of a train's approach.   Several of the witnesses who saw this train testify that, although they listened, they did not hear it; and the deceased, who were in a moving vehicle, would be in a less favorable position to hear than some of the witnesses so testifying.   If the witness who, while hanging clothes in her yard, saw the train coming, but could not hear it, and being for that reason apprehensive that deceased might not hear, screamed to them, to notify them of their danger, it may well be that they could not hear, no matter how carefully they listened.   The testimony shows that the sides of the crossroad down which deceased were passing were lined with trees and shrubs, as was also the road through which the train was going.   It is shown that from where the deceased were passing the railroad track was not visible until the wagon passed the sidewalk, and the head of the horse was almost upon the rail track. It appears that at that moment the driver tried, ineffectually, to hold in his horse.   Most likely the horse at the same time discovered the train, and in consequence became unmanageable.   Upon all the facts, we are satisfied with the verdicts.   Appellants do not claim that any errors were made in stating the rules of law.   None are claimed, except in refusing to nonsuit, and in that respect we think the court below was right.   Judgments affirmed, with costs.   All concur.